The FORD PLANTATION, LLC, a Georgia limited liability company, and The Ford Plantation Association, Inc., a Georgia non-profit corporation, Plaintiffs,

v.

Joseph E. BLACK, The Ford Plantation Construction Company, a Georgia corporation and Ford Plantation Builders, Inc., a Georgia Corporation, Defendants.

The Ford Motor Company,
Third Party Plaintiff,

v.

The Ford Plantation, LLC, a Georgia limited liability company, and The Ford Plantation Association, Inc., a Georgia non-profit corporation; Joseph E. Black, The Ford Plantation Construction Company, a Georgia corporation and Ford Plantation Builders, Inc., a Georgia Corporation, Third Party Defendants.

No. 4:00CV135.

United States District Court,
S.D. Georgia,
Savannah Division.

Sept. 21, 2000.

Wiley A. Wasden, III, Elizabeth A. White, Brennan & Wasden, W. Brooks Stillwell, William E. Dillard, III, Savannah, Georgia, for Plaintiffs.

Ronald C. Berry, George Graham, Michael H. Graham, Savannah, Georgia, for defendants.

Frank G. Smith, III, Christopher B. Robyler, Alston & Bird LLP, Atlanta, GA, David C. Hilliard, Janet A. Marvel, Beth A. Fulkerson, Danielle B. Lemack, Pattishall, McAuliffe, Newbury, Hilliard & Geraldson, Chicago, IL, Patrick T. O'Conner, Patricia T. Paul, Oliver, Maner & Gray, Savannah, GA, for Ford Motor Company.

## ORDER

EDENFIELD, District Judge.

## I. BACKGROUND

Plaintiffs The Ford Plantation, LLC, and The Ford Plantation Association, Inc. (collectively "TFP"), move this Court for, *inter alia*, injunctions restraining defendants Joseph E. Black, The Ford Plantation Construction Company, and Ford Plantation Builders, Inc. (collectively "Black"), from infringing TFP's trademarks.[1] Doc. # 1 at 14–15.

Black moves, over TFP's opposition, doc. # 19, to add the Ford Motor Company (FMC) as a party defendant because FMC asserts ownership and control over Black's and TFP's use of names which incorporate the term "Ford." Doc. ## 10–11. FMC, in the meantime, has moved, over TFP's opposition, doc. # 29, to intervene as a third-party plaintiff.[2] Doc. # 23.

## II. ANALYSIS

■ Rule 13(h) authorizes joinder of additional parties to a counterclaim or crossclaim in accordance with F.R.Civ.P. 19 and F.R.Civ.P. 20. Under Rule 19, a party can be joined

if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations ...

*Id.*

Here, as Black puts it, "[t]here are only one set of registered names [yet][t]here are three claims to these names." Doc. # 21. Because TFP, Black, and FMC all claim exclusive rights to similar trademarks, and seek to enforce their corresponding rights to prevent others from using confusingly similar marks, complete relief cannot be accorded unless FMC is joined. F.R.Civ.P. 19(1).

In that respect, the fact that "a trademark does not exist apart from the good will of the product or service it symbolizes" does not mean that FMC can only bring infringement claims against companies selling identical products or within the same industry. Doc. # 29 at 2. The law imposes no such limit. Rather, likelihood of consumer confusion is

---

1. TFP alleges, *inter alia*, violations of 15 U.S.C. § 1125(a) (unfair competition and false designation), § 1125(c) (dilution), common law trademark infringement, and O.C.G.A. § 10–1–371, et. seq. (deceptive trade practices).

2. Since the Court is analyzing FMC's interests in this case under F.R.Civ.P. 19 and 20—per Black's earlier filed joinder motion—it will discuss F.R.Civ.P. Rule 24 intervention factors only to the extent they are intertwined with the joinder analysis.

the primary test for determining infringement. *See Carnival Brand Seafood Co. v. Carnival Brands Inc.,* 187 F.3d 1307, 1309 (11th Cir.1999) ("To prevail on a trademark infringement claim, a plaintiff must show (1) that its mark has priority and (2) that the defendant's mark is likely to cause consumer confusion.") (cites omitted).

Although perhaps less likely, it is still possible for confusion to occur even where a similar mark is associated with a different good or service. In *Carnival,* the Eleventh Circuit listed the following seven factors for determining likelihood of confusion: (1) the type of mark; (2) the similarity of the two marks; (3) the similarity of the goods; (4) the identity of customers and similarity of retail outlets, sometimes called the similarity of trade channels; (5) the similarity of advertising; (6) the intent, that is, good or bad faith, of the alleged infringer; and (7) evidence of actual confusion, if any. *Id.* at 1311.

It follows that, by establishing its ownership of the trademark "Ford," FMC has shown a sufficient "interest" for joinder purposes. For that matter, FMC points out that it *is* in the same business as TFP (i.e., the real estate business): it owns the Ford Land Development Corporation. Doc. # 24 at 2. FMC has convinced this Court that if it is not joined in this suit, it will be forced to file separate lawsuits against Black and TFP, thus subjecting them to repetitive litigation. *See* F.R.Civ.P. 19(2)(ii).

FMC's intervention motion, doc. # 23, asserting infringement and dilution against both TFP and Black, undercuts all of TFP's arguments in opposition to Black's joinder motion.[3] FMC has now taken action to protect its asserted trademark rights such that there is no doubt of an "actual controversy." Doc. # 19 at 5 (citing *Public Service Commission v. Wycoff Co.,* 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952)).

■ Joinder of FMC is also proper under Rule 20, which provides in relevant part that

[a]ll persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

*Id.* The same test applies to allow persons to join in one action as plaintiffs. *Id.*

Here again, FMC has claimed the right to prohibit both TFP and Black from using certain trademarks, doc. # 24, and Black asserts superior rights over FMC. Doc. # 10. TFP, Black and FMC each claim competing rights; whose are paramount, then, necessarily involves a common question of law (*see supra* note 1) and fact. It would contravene judicial efficiency to resolve this question between TFP and Black, only to have that party then litigate the same issue with FMC.

■ The question still remains, however, whether FMC should be joined as a plaintiff or as a defendant. This decision is discretionary under both Rules 19 and 20. *See* F.R.Civ.P. 19 ("If the person *should* join as a plaintiff but refuses to do so, the person *may* be made a defendant, or, in a proper case, an involuntary plaintiff.") (emphasis added), and F.R.Civ.P. 20 (providing that persons may join as plaintiffs or may be joined as defendants).

■ As stated above, Black seeks to join FMC under Rule 13(b) "as a party defendant to the pending counterclaim"—that is as a party to Black's counterclaim against TFP. Doc. # 10. By making FMC a party to its counterclaim, Black seeks to determine its trademark rights as against both TFP and FMC. Black further asserts that FMC should appear as a defendant because its joinder motion preceded FMC's intervention motion. Doc. # 26. The Court, however, is not convinced that this is the best posture to resolve the parties' disputed rights.

---

3. TFP relied heavily on the fact that FMC had yet to intervene or file a separate suit against it. Doc. # 19 at 4, ("despite FMC's objection to Plaintiffs trademark application to register its mark, FMC has taken, and continues to take, no action to prevent the use by Plaintiffs of the mark 'The Ford Plantation' ...."), and *id.* at 6 ("if Defendants have any apprehension at all concerning actions by FMC, Plaintiffs suspect it was manufactured by Defendant's own actions.").

If FMC is joined as a third-party defendant under Rule 13(h), it may not assert a counterclaim against TFP (as the original plaintiff) before TFP files a claim against it. After all, there must first be a claim in order for there to be a counterclaim. *See* 3 Moore's Fed.Prac. § 13.90[2][b]. But in its intervention motion FMC says it will assert claims against both TFP and Black. In contrast, TFP asserts no claims against FMC, and in fact opposes its joinder and intervention. *See* doc. # 19; # 29.

Once FMC is joined as a third-party defendant, it may bring a "downsloping Rule 14(a) claim"[4] against TFP, but this makes the litigation needlessly complex and can be avoided simply by adding FMC as a third-party plaintiff. *Id.* (discussing the confusion regarding direct claims between plaintiff and third-party defendant); F.R.Civ.P. 14(a) ("The third-party defendant may also assert any claim against the plaintiff arising out of the same transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff").

FMC is therefore more properly added as a third-party plaintiff. Again, it asserts that neither party has a right to use the mark "Ford Plantation." Doc. # 24 at 2; # 11. And, as Black itself notes, FMC has already objected to TFP's efforts to register the allegedly infringing marks in the United States Patent and Trademark Office. Doc. # 10 ¶ 2; # 24 exh. A–2. To make TFP a plaintiff against FMC as a third-party defendant this makes little sense.

### III. *CONCLUSION*

Accordingly, the motion of defendants Joseph E. Black *et al.* to Add Ford Motor Company (FMC) as a Party Defendant, (doc. # 10), is *GRANTED IN PART AND DENIED IN PART*, and FMC is ordered joined as a third-party plaintiff. FMC's Motion to Intervene as a Third–Party Plaintiff (doc. # 23) is *DENIED* as moot. The Court has amended the above caption to reflects its rulings herein; all subsequent filings shall conform.

---

4. 3 Moore's Fed Prac § 14.03(1).